Filed 7/9/26  Beck v. Stabile & Moshtael CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MELISSA BECK, | |
| Plaintiff and Appellant, | G065460 |
| v. | (Super. Ct. No. 30-2021-01225209) |
| STABILE & MOSHTAEL, a Law Corporation, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Kimberly A. Knill, Judge. Affirmed.

Decker Law, James Decker and Griffin Schindler for Plaintiff and Appellant.

Moshtael Family Law and Daniel R. Knowlton for Defendant and Respondent Navid Moshtael.

Poliquin & DeGrave, Mark P. Poliquin and Donald B. Wallace for Defendant and Respondent Estate of Thomas P. Stabile.

\*          \*          \*

Plaintiff Melissa Beck appeals the trial court's denial of her motion under Code of Civil Procedure[1] section 473, subdivision (b), to set aside the dismissal of her lawsuit. After three years of virtual non-activity, the trial court set an order to show cause hearing regarding Beck's failure to move forward with her case and ordered her to file a status report prior to the hearing. Neither Beck nor her attorney filed a status report or appeared at the hearing, and Beck's complaint was dismissed. Beck then filed a motion to set aside the dismissal, accompanied by her attorney's affidavit of fault. The attorney claimed she had not received notice of the hearing.

We conclude the trial court was within its discretion to deny Beck's motion because the trial court's credibility finding as to the declaration from Beck's attorney was not arbitrary or unreasonable. Mandatory relief under section 473, subdivision (b), was not required in such a situation, and we therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Beck filed her malpractice lawsuit against Stabile & Moshtael and Moshtael Family Law Orange County in October 2021. The defendant law firms had allegedly represented Beck in her marital dissolution. Beck alleged they failed to include a demand for life insurance in the parties' marital settlement agreement, leaving her without financial support when her ex-spouse unexpectedly passed away.

---

[1] All statutory references are to the Code of Civil Procedure.

2

On December 9, 2021, Beck amended the complaint to reflect the true name of "Doe 1" as Navid Moshtael.

Beck dismissed Moshtael Family Law Orange County without prejudice in May 2022. Default was entered against Stabile & Moshtael on June 16, 2022.

In February 2023, Beck amended the complaint to reflect the true name of "Doe 2" as Estate of Thomas P. Stabile (the estate), the true name of "Doe 3" as Law Offices of Thomas P. Stabile, and the true name of "Doe 4" as Donna Stabile, Trustee for Estate of Thomas P. Stabile. Moshtael answered and filed a cross-complaint for indemnity and contribution against the estate. He then successfully moved for summary judgment on the complaint after the trial court refused to consider Beck's opposition filed only one day before the hearing.

However, none of the other newly named defendants were served, as the trial court noted in a minute order dated June 1, 2023. It set an order to show cause regarding dismissal for August 10, 2023, and ordered Beck to file proof of service of the summons and complaint on the unserved defendants before the hearing.

Beck did not do so, and the estate, the Law Offices of Thomas P. Stabile, and Donna Stabile were all dismissed without prejudice. Additionally, the trial court ordered Beck to submit a default prove-up packet to the court for review and signature as to Stabile & Moshtael no later than September 1, 2023. The cross-complaint by Moshtael was set for trial.

Beck submitted her default prove-up packet on September 8, 2023, one week late. On October 12, 2023, the trial court issued a minute order, declining to sign the default judgment because the papers "fail[ed] to establish defendant committed legal malpractice by failing to 'demand'

3

plaintiff's ex-husband maintain an insurance policy for plaintiff's protection" and because there was "insufficient evidence defendant acted below the standard of care."

On July 15, 2024, Moshtael filed a notice of settlement as to the cross-complaint. On July 23, 2024, the trial court issued a minute order acknowledging the settlement and noting plaintiff's default judgment was rejected the previous year and "[p]laintiff has done nothing to move the complaint along." The court thus set an order to show cause regarding dismissal for failure to proceed on August 22, 2024. It also set an order to show cause hearing regarding dismissal of the cross-complaint for the same date. The court ordered counsel to file status reports five days prior to the hearing.

The court clerk e-mailed the July 23 minute order to all counsel, including Beck's counsel. Moshtael's counsel filed a status report as to the settlement on August 16, but there was no status report filed on Beck's behalf. At the August 22 hearing (the OSC hearing), neither Beck nor Beck's attorney appeared, and the court dismissed Beck's complaint without prejudice.

On December 10, 2024, Beck filed a motion pursuant to section 473, subdivision (b), to set aside the dismissal, submitting a declaration of fault by Beck's attorney. Beck's attorney declared it was "entirely" her "mistake, inadvertence, surprise, and/or neglect" that she failed "to appear at the hearing on or about August 28, 2024 as [she] did not receive notice of the court hearing in the mail or e-mail." She also stated that Beck was gathering funds to hire an expert to provide support for the default package, and apologized for her nonappearance "resulting in the dismissal."

4

The estate opposed the set-aside motion, arguing Beck had more than a year to resubmit a default judgment package and had not shown any progress. The court agreed with the estate and denied the motion on March 14, 2025.

In its ruling, the trial court "reject[ed] plaintiff's counsel's contention her failure to appear at the hearing was a result of mistake, inadvertence, surprise, and/or neglect." In rejecting this contention, the court stated "a review of the file reflects on at least two occasions, the court clerk served plaintiff's counsel with notice of a hearing or ruling at the email address, and plaintiff's counsel was present at the hearing noticed. . . . This is strong evidence the court clerk's email service on plaintiff's counsel was properly received during the course of the litigation. Plaintiff's counsel never objected to the method of service, nor could she. Orange [C]ounty Superior Court Rule 352 mandates attorneys in civil cases file documents electronically and allow for electronic service."

The court's minute order also stated: "Although . . . section 473, subdivision (b) affords relief from unspecified 'dismissal' caused by attorney neglect, courts have prevented it from being used indiscriminately by plaintiffs' attorneys as a 'perfect escape hatch' to undo dismissals of civil cases. (*Huens v. Tatum* (1997) 52 Cal.App.4th 259, 263.) The provision does not apply to dismissals for delay in prosecution of the action because virtually all such dismissals are attorney caused and such a construction would result in a disfavored repeal of the discretional dismissal statute by implication.' (*Ibid.*)"

Beck timely appealed.

DISCUSSION

"The court may, upon any terms as may be just, relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to the attorney's mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against the attorney's client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against the attorney's client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).)

Beck argues the trial court was required to set aside the dismissal because her motion was accompanied by an attorney affidavit of fault. We disagree. The trial court did not act arbitrarily or unreasonably in finding that the declaration of Beck's attorney lacked credibility.

I.

STANDARD OF REVIEW

""""[I]f the prerequisites for the application of the mandatory provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief.'" [Citations.] 'Thus, to the extent that the applicability of the mandatory relief provision does not turn on disputed facts, but rather, presents a pure question of law, it is subject to de novo review. [Citation.] Where the facts are in dispute as to whether or not the prerequisites of the mandatory relief provision of section 473, subdivision (b),

6

have been met, we review the record to determine whether substantial evidence supports the trial court's findings.'" (*Talbott v. Ghadimi* (2025) 109 Cal.App.5th 967, 977.)

A court need not grant mandatory relief under section 473, subdivision (b), however, if it "'"finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." The statute clearly involves an assessment of credibility by the trial court.' (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622 (*Johnson*); see *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 915; but see *Cisneros v. Vueve* [(1995)] 37 Cal.App.4th [906,] 912 [concluding that the "'unless'" clause of § 473, subd. (b) 'is not a credibility testing device, it is a causation testing device. The statute mandates relief "unless the court finds that the default . . . was not *in fact caused* by the attorney's mistake, inadvertence" etc.'].*)* [¶] We defer to the trial court's determination of credibility and do not reweigh evidence or reassess the credibility of witnesses. [Citation.] If the evidence gives rise to reasonable conflicting inferences, one of which supports the trial court's determination, we will affirm the court's finding on appeal." (*Behm v. Clear View Technologies* (2015) 241 Cal.App.4th 1, 14–15.)

Because there were factual findings underpinning the trial court's ruling as to availability of mandatory section 473 relief, we review those findings for substantial evidence.

## II.

### SUBSTANTIAL EVIDENCE SUPPORTS THE TRIAL COURT'S FINDING THAT MANDATORY RELIEF WAS NOT REQUIRED BY SECTION 473, SUBDIVISION (B), BECAUSE THE COURT FOUND THAT THE DECLARATION FROM BECK'S ATTORNEY LACKED CREDIBILITY

The court called the OSC hearing to discuss whether it should dismiss Beck's complaint against Stabile & Moshtael for failure to proceed. The court's authority for the OSC derives from section 583.410: "The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion . . . if to do so appears to the court appropriate under the circumstances of the case." (*Id.*, subd. (a).)

The court may not dismiss a case on these grounds unless certain conditions occur. (§ 583.420, subd. (a).) One ground for discretionary dismissal is if "the action has not been brought to trial or conditionally settled within two years after the action was commenced against the defendant." (Cal. Rules of Court, rule 3.1340(a), § 583.420, subd. (a)(2)(B).)

Because Beck filed the complaint against Stabile & Moshtael in 2021, and the dismissal was entered in 2024, the trial court had authority to consider discretionary dismissal at that time. But given the failure by Beck's attorney to file a status report or appear for the hearing, the question is whether the court's rejection of the attorney declaration was arbitrary or unreasonable. The record supports the court's finding that the declaration lacked credibility.

We take substantial guidance from *Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198 (*Shapell*), in which another panel of this court addressed issues of credibility. The *Shapell* plaintiff "filed a request for entry of default and default judgment," and

8

judgment was entered 11 days later. (*Id.* at p. 206.) The defendant thereafter filed a motion to set aside the default pursuant to sections 473.5 and 473, subdivision (b). (*Ibid.*) The defendant filed two declarations in support of the motion. (*Id.* at p. 207.) Nonetheless, the trial court denied the motion. (*Ibid.*)

This court reversed, finding that the plaintiff's attorney breached its "ethical and statutory duty to advise [the defendant's] counsel of the intent to seek entry of default and default judgment" pursuant to *Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 135. (*Shapell, supra,* 85 Cal.App.5th at pp. 215, 219.)

Our court also rejected the plaintiff's contention that "the trial court was the sole judge of witness credibility and therefore was entitled to disbelieve the declarations" filed in support of the motion. (*Shapell, supra,* 85 Cal.App.5th at p. 217.) But it did so because the trial court's credibility finding was not supported by the record. "In the usual case that would have been correct: [t]he trial court determines the credibility of witnesses presenting testimony by declaration. [Citation.] But we are not bound by credibility determinations that are arbitrary or unreasonable. [Citations.] [¶] The record in the present case does not support a finding that [the declarants] lacked credibility. Shapell submitted no evidence to counter or contradict any representations made in the . . . declarations. There were no conflicts in the declarations for the trial court to resolve." (*Id.* at p. 218.)

This case presents the opposite scenario. Unlike *Shapell*, the trial court's credibility determination—and thus its determination that Beck's attorney's failure to appear for the OSC hearing was not due to mistake or neglect—was founded on evidence it saw in its own file which tended to refute the averments made in the declaration. Namely, the court noted Beck's

attorney had appeared at other hearings when the notice was e-mailed to the very same address as the notice for the OSC hearing.

Thus, there was a conflict in the evidence which the trial court properly resolved. Beck's attorney's declaration stated that she did not receive notice of the OSC hearing and the court's record showed she had appeared at other hearings where the court used the same e-mail address to provide notice. The court resolved the conflict by expressly rejecting the contention from Beck's attorney that her failure to appear at the hearing was due to mistake, inadvertence, surprise, and/or neglect.[2]

Unlike *Shapell*, the trial court's finding regarding the credibility of the declaration from Beck's attorney was not arbitrary or unreasonable. The court had an evidentiary basis from the court's records that contradicted the assertion that Beck's attorney had not received notice of the OSC. As such, we defer to the trial court's determination of credibility.

Once the trial court rejected the assertion that Beck's attorney failed to appear because she did not receive notice, the declaration no longer supported a conclusion that the dismissal was the result of mistake, inadvertence, surprise, or neglect. Therefore, the court properly denied Beck's motion to set aside the dismissal.[3]

_____

[2] For this reason, we need not address the estate's contention that the declaration from Beck's attorney was not compliant with section 473's requirement that the attorney unequivocally admit to fault. No matter how the declaration could be construed, the court found it lacked credibility.

[3] Since we conclude the trial court properly denied the motion to set aside the dismissal based on its credibility determination, we need not address whether the discretionary dismissal was eligible for mandatory relief under section 473, subdivision (b). Nonetheless, we note that such dismissals can be so eligible if they are the procedural equivalent of a default. (See

DISPOSITION

The judgment is affirmed. Respondents to recover their costs on appeal.

SCHWARM, J.*

WE CONCUR:

MOTOIKE, P. J.

MOORE, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

_Peltier v. McCloud River R.R. Co._ (1995) 34 Cal.App.4th 1809, 1817; see also _Tustin Plaza Partnership v. Wehage_ (1994) 27 Cal.App.4th 1557, 1565–1566; _Graham v. Beers_ (1994) 30 Cal.App.4th 1656, 1661.)